203 F.3d 1343 (Fed. Cir. 2000)
 JAMES E. ANGLIN, JR., Claimant-Appellant,
v.
TOGO D. WEST, JR., Secretary of Veterans Affairs, Respondent-Appellee.
Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.
 99-7019
 United States Court of Appeals for the Federal Circuit
 DECIDED: February 15, 2000
 
 Appealed from: United States Court of Appeals for Veterans Claims Judge William P. Greene, Jr.Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.
 Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.
 Lee J. Freidman, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Mark A. Melnick, Assistant Director.
 Before PAULINE NEWMAN, CLEVENGER, AND GAJARSA, Circuit Judges.
 GAJARSA, Circuit Judge.
 
 DECISION
 
 1
 James E. Anglin, Jr. appeals from the decision of the United States Court of Appeals for Veterans Claims[1] ("CAVC"), Anglin v. West, No. 96-704 (Vet. App. Aug. 11, 1998), affirming the decision of the Board of Veterans' Appeals ("Board") that new and material evidence had not been presented to reopen a previously disallowed claim for post-traumatic stress disorder ("PTSD"). For the reasons set forth below, we affirm the decision of the CAVC.
 
 BACKGROUND
 
 2
 Mr. Anglin entered active duty in the U.S. Navy on July 3, 1986. Just a few weeks into his tenure, Anglin was referred to the Recruit Evaluation Unit for counseling, where a psychologist determined that he was "unsuitable for naval service" based upon his "possessing an adjustment disorder with mixed disturbance of emotions and conduct, an immature dependent mixed personality disorder, and defective military attitude." Shortly thereafter, on August 8, 1986, Anglin received an uncharacterized entry-level separation from service.
 
 
 3
 During an October 1986 psychiatric evaluation, Anglin claimed that while on active duty, he was beaten and raped at a naval hospital. The psychiatrist diagnosed Anglin with acute PTSD, identifying the alleged rape as the stressor. Anglin then applied for service connection for PTSD. The Regional Office ("RO") denied service connection in July 1987 because of insufficient credible evidence supporting his claimed stressor. In January 1989, the RO again denied service connection for PTSD because Anglin still failed to present sufficient evidence supporting his allegation that he was raped while on active duty. Anglin filed a notice of disagreement with the RO's decision, but the Board agreed with the RO and denied his request for service connection.
 
 
 4
 Four years later, in December 1993, Anglin asserted that he had new and material evidence regarding his PTSD and attempted to reopen his service connection claim. In addition to his own testimony, Anglin presented documentary evidence including private and VA medical records and insurance documents, some of which were not previously before the Board. The RO, however, determined that the evidence of record was insufficient to reopen the claim for PTSD. Anglin filed a notice of disagreement with the decision by the RO. Following a hearing in August 1995, the Board also determined that the evidence was insufficient to reopen Anglin's claim.
 
 
 5
 The CAVC affirmed the relevant portion of the Board's decision. The CAVC noted that Anglin could not reopen his claim for service connection for PTSD unless he was able to present new and material evidence that the alleged stressor occurred while he was on active duty. In refusing to reopen Anglin's claim, the CAVC cited the first prong of the so-called Colvin test. See Colvin v. Derwinski, 1 Vet. App. 171 (1991) (holding that "new" evidence is evidence not previously of record and not merely cumulative of other evidence), overruled in part by Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998). The CAVC determined that while Anglin had presented some evidence that was not previously before the Board, this evidence was cumulative of the evidence in the record at the time of the Board's prior disallowance. This appeal followed.
 
 DISCUSSION
 A. Standard of Review
 
 6
 This court has limited jurisdiction in reviewing the decisions of the CAVC. Our authority is limited to deciding all relevant questions of law, including matters of statutory interpretation. See 38 U.S.C. § 7292(d)(1) (1994). Moreover, we can set aside a regulation or interpretation of a regulation relied upon by the CAVC that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitation, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. In general, however, this court may not review factual determinations or the application of a specific set of facts to a law or regulation. See 38 U.S.C. § 7292(d)(2).
 
 B. New and Material Evidence
 
 7
 The Secretary is required to reopen a claim that has been previously disallowed if the veteran can present new and material evidence with respect to that claim. See 38 U.S.C. § 5108. While no definition of "new and material evidence" is provided in the statute, the Department of Veterans Affairs ("DVA") has promulgated a regulation that defines the phrase as follows:
 
 
 8
 New and material evidence means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim.
 
 
 9
 38 C.F.R. § 3.156(a) (1999).
 
 
 10
 Shortly after the adoption of this regulation, the CAVC decided Colvin v. Derwinski, 1 Vet. App. 171 (1991). In Colvin, the CAVC announced a three prong test for determining whether the evidence presented by a veteran was new and material as defined in 38 C.F.R. § 3.156(a). The CAVC determined that evidence was new and material if it was (1) not merely cumulative of other evidence on the record, (2) probative of the issues at hand, and (3) reasonably likely to change the outcome of the case. See Colvin, 1 Vet. App. at 174. However, in Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998), this court held that the third prong of the Colvin test was inconsistent with the regulatory definition of new and material evidence.
 
 
 11
 In Hodge, the veteran asserted a claim for service connection for arthritis of the knee and hip. After unsuccessful attempts at establishing service connection for his condition, Hodge sought to reopen his claim based on a letter from his doctor and various other medical records developed after the final disallowance. See id. at 1358. Hodge's attempt to reopen his claim was denied by the Board, and the Board's decision was affirmed by the CAVC. See id. at 1359. In denying Hodge's claim, the CAVC applied the Colvin test. The CAVC recognized that Hodge had met the first prong of the Colvin test by presenting new, non-cumulative evidence, but the court found that this "new" evidence would not likely change the outcome of his case. See id. Therefore, he had failed to meet the third prong of the Colvin test and his case could not be reopened.
 
 
 12
 On appeal, this court examined whether the test applied by the CAVC was "a fair rendition of the definition of 'material evidence' set forth in the regulation." Id. at 1360. We compared the Colvin test with the regulatory definition of new and material evidence and held that the error of the Colvin test was the third prong's requirement that the new evidence, when considered in light of all the evidence of record, could have a reasonable possibility of changing the outcome of the case. See id. at 1363. According to the court, nothing in 38 C.F.R. § 3.156(a) suggests that the proper focus for determining materiality should be on whether the evidence will affect the outcome of the ratings decision. See id. Rather, materiality is established if new evidence is significant enough, either by itself or in conjunction with other evidence in the record, that it must be considered to decide the merits of the claim. See 38 C.F.R. § 3.156(a) (1999). By engrafting the additional requirement that evidence must be likely to change the outcome of the particular case in order to be material, the Colvin test improperly increased the burden on a veteran attempting to reopen his claim with new and material evidence. Important to this case, however, is that nothing in Hodge suggests that the understanding of "newness" as embodied in the first prong of the Colvin test is inadequate or in conflict with the regulatory definition of new and material evidence.
 
 
 13
 The decision of the CAVC in this case was rendered prior to our decision in Hodge. The CAVC, applying the first prong of the Colvin test, determined that, because Anglin had failed to present any non-cumulative evidence, his claim could not be reopened. The government argues that the CAVC's decision should be affirmed, despite its reliance on the overruled Colvin test, because only the "materiality" prong of the test was affected by our Hodge decision. Anglin contends, on the other hand, that Hodge necessitates a remand of his case. In essence, Anglin argues that the concepts of newness and materiality are so intertwined that they cannot meaningfully be separated into "prongs" of a test, and that the Hodge decision amounted to a disapproval of the Colvin test in its entirety. As a result, Anglin argues that his claim must be reevaluated using the single, unitary definition of new and material evidence as found in 38 C.F.R. § 3.156(a). We agree with the government that the CAVC properly determined that Anglin's evidence was not new and material, and therefore, remand is unnecessary.
 
 
 14
 In this case, the CAVC denied Anglin's request to reopen his claim because of his failure to present new evidence. The court explicitly found that the medical records, insurance documents, and testimony that Anglin intended to present were "cumulative of the evidence in the record at the time of Board's prior disallowance." Because the evidence presented by Anglin was not new, the CAVC did not examine whether it was material. This application of the first prong of the Colvin test was entirely consistent with the regulatory definition of new and material evidence. In fact, the regulation uses nearly identical language: "New and material evidence means evidence not previously submitted to the agency . . . which is neither cumulative nor redundant." 38 C.F.R. § 3.156(a) (emphasis added). Thus, while a portion of the Colvin test was overruled in Hodge, the conception of new evidence as embodied in the first prong of the test is acceptable. In other words, Hodge overruled the third prong of the Colvin test, requiring that evidence must be likely to affect the outcome of a case in order to be material, but left the remainder of the Colvin test intact. Hodge makes clear that the paramount concern in evaluating any judicial test for new and material evidence is its consistency with the regulation. See Hodge, 155 F.3d at 1361. This is because the CAVC, as well as this court, must defer to the reasonable regulatory construction of 38 U.S.C. § 5108 that is adopted by the Secretary. See id. (citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984)). According to the plain language of the regulation, evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board.
 
 
 15
 The CAVC found, as a matter of fact, that the evidence presented by Anglin was cumulative. Under both the Colvin test and 38 C.F.R. § 3.156(a), this determination leads invariably to the conclusion that the evidence cannot be new and material. That the CAVC cited the Colvin test rather than the regulation in reaching this conclusion is immaterial; the CAVC did not impose any requirement different from or beyond that imposed by the regulation. Therefore, the CAVC properly determined that Anglin's claim could not be reopened.
 
 CONCLUSION
 
 16
 The CAVC's decision to deny Anglin's request to reopen his case was based upon Anglin's failure to present evidence that was non-cumulative of evidence already presented to the Board. Because the CAVC correctly concluded that such evidence was not new and material evidence as defined in 38 C.F.R. § 3.156(a), we
 
 
 17
 AFFIRM.
 
 COSTS
 
 18
 Each party shall bear its own costs.
 
 
 
 NOTES:
 
 
 [1]
 On March 1, 1999, the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals for Veterans Claims pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, § 511, 112 Stat. 3315, 3341. We refer throughout this opinion to the court by its new name although at the time of the proceedings and decisions here reviewed, it was not yet so named.