Citation Nr: 1443655 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-24 076 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES


1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for seizures, claimed as residuals of a head injury. 
 
2. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for residuals of a damaged eardrum. 
 
3. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for tinnitus. 
 
4. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for headaches, claimed as a residual of a concussion. 
 
5. Entitlement to service connection for an acquired psychiatric disorder, to include anxiety and depression.

6. Entitlement to service connection for vertigo. 
 
7. Entitlement to service connection for a lumbar disorder. 
 
8. Entitlement to service connection for a cervical disorder. 


REPRESENTATION

Appellant represented by: Barbara Kuhl, Attorney


ATTORNEY FOR THE BOARD

T. S. Willie, Counsel


INTRODUCTION

The Veteran served on active duty from March 1959 to June 1960. 
 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey. 
 
This case was remanded for further development in February 2011 and February 2013. 

The Veteran testified at the RO before a local hearing officer in November 2013. A transcript of this hearing is of record. 



FINDINGS OF FACT

1. Entitlement to service connection for residuals of a head injury was last denied in a November 2008 Board decision. The evidence added to the record since is cumulative or redundant, does not cure a prior evidentiary defect and does not raise a reasonable possibility of substantiating the claim.

2. Entitlement to service connection for a damaged eardrum was last denied in a November 1992 rating decision. The evidence added to the record since is cumulative or redundant, does not cure a prior evidentiary defect and does not raise a reasonable possibility of substantiating the claim.

3. Entitlement to service connection for tinnitus was last denied in a February 2005 rating decision. The evidence added to the record since is cumulative or redundant, does not cure a prior evidentiary defect and does not raise a reasonable possibility of substantiating the claim. 

4. Entitlement to service connection for headaches, claimed as a residual of a concussion, was last denied in a July 1998 rating decision. The evidence added to the record since is cumulative or redundant, does not cure a prior evidentiary defect and does not raise a reasonable possibility of substantiating the claim. 

5. An acquired psychiatric disorder, to include anxiety and depression, was not manifest during active service, and a psychosis was not manifest to a compensable degree within one year of separation from active duty and is not otherwise attributable to active service.

6. Vertigo was not manifest during active service, and an organic disease of the nervous system was not manifest to a compensable degree within one year of separation from active duty and is not otherwise attributable to active service.

7. A lumbar spine disability is not shown by the record. 

8. A cervical spine disability is not shown by the record. 

CONCLUSIONS OF LAW

1. The November 2008 Board decision denying entitlement to service connection for residuals of a head injury is final. New and material evidence to reopen the claim of entitlement to service connection for residuals of a head injury has not been received. 38 U.S.C.A. §§ 5108, 7104 (West 2002 and Supp. 2013); 38 C.F.R. §§ 3.156 (a), 3.159 (2013). 

2. The November 1992 rating decision denying entitlement to service connection for a damaged eardrum is final. New and material evidence to reopen the claim of entitlement to service connection for a damaged eardrum has not been received. 38 U.S.C.A. §§ 5108, 7105; 38 C.F.R. §§ 3.156 (a), 3.159.

3. The February 2005 rating decision denying entitlement to service connection for tinnitus is final. New and material evidence to reopen the claim of entitlement to service connection for tinnitus has not been received. 38 U.S.C.A. §§ 5108, 7105; 38 C.F.R. §§ 3.156 (a), 3.159.

4. The July 1998 rating decision denying entitlement to service connection for headaches, claimed as residuals of a concussion, is final. New and material evidence to reopen the claim of entitlement to service connection for headaches, claimed as a residual of a concussion, has not been received. 38 U.S.C.A. §§ 5108, 7105; 38 C.F.R. §§ 3.156 (a), 3.159.

5. An acquired psychiatric disorder, to include anxiety and depression, was not incurred in or aggravated by service, and a psychosis may not be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2013).

6. Vertigo was not incurred in or aggravated by service, an organic disease of the nervous system may not be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5103, 5103A, 5107; 38 C.F.R. §§ 3.303, 3.307, 3.309.

7. A lumbar spine disability was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. § 3.303.

8. A cervical spine disability was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. § 3.303.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met with regard to the issues decided herein. There is no issue as to providing an appropriate application or the completeness of the application. By correspondence dated in March 2009, VA advised the Veteran of the information and evidence needed to substantiate the claims. The letter provided notice of what part of that evidence is to be provided by the claimant, and notice of what part VA will attempt to obtain. The Veteran was also provided information regarding the assignment of disability ratings and effective dates. 

VA has also satisfied its duty to assist. The claims folder contains service treatment records, VA medical records, VA examination reports, and identified private medical records. No additional pertinent records are shown to be available.

The Board recognizes that the Veteran has not been afforded a VA examination in relation to the service connection claims. In determining whether the duty to assist requires that a VA medical examination be provided or medical opinion obtained with respect to a veteran's claim for benefits, there are four factors for consideration. These four factors are (1) whether there is competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) whether there is evidence establishing that an event, injury, or disease occurred in service, or evidence establishing certain diseases manifesting during an applicable presumption period; (3) whether there is an indication that the disability or symptoms may be associated with the veteran's service or with another service connected disability; and (4) whether there otherwise is sufficient competent medical evidence of record to make a decision on the claim. 38 U.S.C.A. § 5103A(d) ; 38 C.F.R. § 3.159(c)(4) 

In this case, the record is devoid of any showing that the Veteran has a lumbar and/or cervical spine disability so as to warrant an examination. Furthermore, the evidence does not indicate that the Veteran's vertigo and/or acquired psychiatric disabilities are attributable to service such as to require an examination, even under the low threshold of McLendon. As such, a VA examination is not required to address the issues for service connection decided therein.

In sum, there is no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication. 38 C.F.R. § 3.159(c).

New and material evidence 

Generally, a claim which has been denied in an unappealed Board or rating decision may not thereafter be reopened and allowed. 38 U.S.C.A. §§ 7104(b), 7105(c). An exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

In determining whether evidence is new and material, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). Evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board. Anglin v. West, 203 F.3d 1343, 1347 (2000). In deciding whether new and material evidence has been submitted the Board looks to the evidence submitted since the last final denial of the claim on any basis. Evans v. Brown, 9 Vet. App. 273, 285 (1996).

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Reopening is required when the newly submitted evidence, combined with VA assistance and considered with the other evidence of record, raises a reasonable possibility of substantiating the claim. Id. 

The Veteran appeals the denial to reopen the claims of entitlement to service connection for seizures claimed as residual of a head injury, headaches claimed as a residual of a concussion, residuals of a damaged eardrum and tinnitus. 

In a November 1992 rating decision, VA found that new and material evidence adequate to reopen the claim for service connection for damaged eardrum had not been submitted. VA found that there was no evidence in the service treatment records of an accident or of a damaged eardrum. It was also found that the only one reference in the service treatment records to an injury of the ear was a diagnosis of right ear old contusion which was acute with no lasting residuals. The Veteran did not appeal, and that decision is final. 38 U.S.C.A. § 7105.

In a July 1998 rating decision, VA found that new and material evidence adequate to reopen the claim for service connection for residuals of a concussion had not been submitted. VA found that the additional evidence submitted provided no evidence to support the contention that the appellant suffered a concussion suffered in an inservice automobile accident. The Veteran did not appeal, and that decision is final. Id. . 

In a February 2005 rating decision, service connection for tinnitus was denied. VA found no evidence showing that tinnitus was incurred in or aggravated by military service, and that residuals of a head injury including seizures were not related to service and, therefore, service connection for tinnitus on a secondary basis could not be established. The Veteran did not appeal, and that decision is final. Id.

In a November 2008 Board decision, service connection for claimed residuals of a head injury was denied. The Board found that the Veteran was not shown to have manifested complaints or findings of headaches or epilepsy or any residuals of a head injury in service or for many years thereafter. The Board also found that the appellant's then current epilepsy and headaches were not due to a documented head injury or any other event or incident of his period of active service. The Veteran did not appeal, and the Board decision is final. 38 U.S.C.A. § 7104.

At the time of the last final denials for service connection for a damaged eardrum and residuals of a concussion, the record contained service treatment records which reveal a showing of an old injury to the right ear in June 1959. An old right ear contusion was then diagnosed. Also, objective evidence of headaches, seizures, tinnitus and damaged eardrum was of record. The record also contained the Veteran's assertions of an accident in service that caused him to suffer a concussion with subsequent headaches, seizures, ear damage and dizziness. A history of headaches since head injury was recorded in January 1997. 

At the time of the last final denials for service connection for tinnitus and residuals of a head injury, the record included the above as well as statements from the Veteran's friend C.O. C.O. stated that the Veteran suffered a head injury and shortly thereafter he began to have headaches. 

In April 2000, the Veteran's friend J.G also stated that the Veteran sustained a head injury in service resulting in headaches. 

Dr. A expressed in April 2000 that the Veteran's seizures were directly related to the post concussion syndrome as a result of the 1959 injury in service. 

A January 2001 VA examination diagnosed probable temporal seizures. The VA examiner was unable to render an etiology opinion regarding the etiology of the Veteran's seizures and service without review of the claimant's file. In March 2001, the VA examiner stated that he reviewed the service records and that there was no mention of a head injury. According to the VA examiner, if the Veteran was indeed unconscious for six hours as claimed there should have been a hospital report regarding his condition. Therefore, although it was clear that he now had a seizure disorder, the VA examiner was unable to establish a basis for service connection. 

In contrast a January 2005 VA examiner opined that tinnitus with definite head injury in service was at least as likely as not related to service. The above evidence was of record at the time of the last final denials for service connection for tinnitus and residuals of a head injury. 

Since the last final denials, the Veteran has submitted evidence showing continued treatment for his disabilities and re-submitted evidence that was already of file. He also continues to submit lay statements asserting that he sustained a head injury in service resulting in a concussion and other residuals. The Veteran continues to report that while in service he was hit in the head by the lid of a tank and was knocked unconscious for half an hour. He states that since then he has had ringing in his ears, vertigo, and lumbar and cervical sprains. 

On careful review of the record, the Board has determined that new and material evidence to reopen the claims for service connection for damaged eardrum, tinnitus, headaches and seizures has not been submitted. The Veteran's claims of entitlement to service connection were previously denied on the basis that the evidence did not show that his disabilities were related to service. Although the Veteran has resubmitted evidence showing that he has the claimed disabilities, this fact had already been established. Therefore, such evidence is cumulative. The Veteran has not submitted any evidence showing a nexus between his damaged eardrum and service, that he now suffers residuals due to an inservice concussion, and/or that he sustained a head injury in service that causes current headaches and other residuals. 

Because the evidence submitted since the last final decision is cumulative and/or does not relate to an unestablished fact necessary to substantiate the claims for service connection, he has not submitted new and material evidence on these matters. Thus, the Board concludes that new and material evidence has not been received to reopen the claims of entitlement to service connection for seizures claimed as residual of a head injury, headaches claimed as a residuals of a concussion, residuals of a damaged eardrum and tinnitus. 

These claims are denied.

Service connection 

The Veteran appeals the denial of service connection for an acquired psychiatric disorder, vertigo, lumbar spine and cervical spine disabilities. The Veteran contends that these disorders are due to injuries and events that were incurred or experienced in service. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1131. Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d). 

Certain chronic diseases, such as psychosis and an organic disease of the nervous system, may be service connected if incurred or aggravated by service, or if manifested to a degree of 10 percent disabling or more within one year after separation from active duty. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. 

Initially, the Board finds against the claims for service connection for a cervical and lumbar spine disability. In this regard, basic entitlement to disability compensation derives from 38 U.S.C.A. § 1131. That statute provides for compensation, beginning with the words: "For disability resulting from personal injury suffered of disease contracted in the line of duty. . . ." 38 U.S.C.A. § 1131. Thus, in order for a veteran to qualify for entitlement to compensation under this statute, the veteran must prove the existence of a disability, and one that has resulted from a disease or injury that occurred in the line of duty. Sanchez-Benitez v. Principi, 259 F.3d 1356 (Fed. Cir. 2001). The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Here, there is no credible showing that the Veteran has a lumbar and/or cervical spine disability. The Board has reviewed the service treatment records, post service treatment records and lay statements of record, none of these show a lumbar and/or cervical spine disability. Rather, the separation examination shows normal spine, other musculoskeletal findings. The Board also notes that post service treatment records are silent as to a lumbar and/or cervical spine disability. At most, the record shows a notation of pruritus (itchiness) of the back in February 2007. 

Implicit in the claim is the Veteran's belief that he has a lumbar and/or cervical spine disability. He, however, has not established his competence to establish the existence of such. The Board finds that the question of whether the Veteran has the claimed disability is beyond the realm of a layman's competence. See Jandreau v. Nicholson, 492 F.3d 1372 (2007) (explaining in footnote 4 that a Veteran is competent to provide a diagnosis of a simple condition such as a broken leg, but not competent to provide evidence as to more complex medical questions). Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. In the absence of proof of a present disability due to disease or injury, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Here, there is no showing of a lumbar and/or cervical spine disability at the time of filing of the claim or at any time during this appeal. Should the pathology reappear in the future, a new claim could be filed at that time.

The Board also finds against the claims for service connection for an acquired psychiatric disorder and vertigo. To that end, during his separation examination there were normal psychiatric and neurological findings. The Veteran denied dizziness, nervous trouble of any sort, depression or excessive worry, frequent or terrifying nightmares and frequent trouble sleeping. Also, neither a psychosis nor an organic disease of the nervous system were clinically manifested to a compensably disabling within a year of separation from active duty. 

During the January 1990 VA examination, the Veteran denied mental illness. It was noted in May 2000 that the Veteran reported beginning to have seizures following a concussion in 1959. He stated that he subsequently had headaches, PTSD and seizures. He reported having nightmares about fighting in June 2000. Significantly, the July 2000 VA examiner did not find evidence of PTSD. 

The evidence shows psychiatric problems and reports of vertigo were first clinically documented years post service. The passage of many years between discharge from active service and the medical documentation of a claim disability is a factor that weighs against a claim for service connection. See Maxson v. West, 12 Vet. App. 453 (1999), aff'd sub nom. Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). The disorders are shown years post service but there is no competent evidence attributing any current pathology to service, or the symptoms therein.

The claims folder simply does not contain competent and credible evidence relating the Veteran's acquired psychiatric disorder and/or vertigo to active military service or events therein. Neither the Veteran nor his representative has presented, identified, or even alluded to the existence of any competent evidence or opinion linking the disorders to service. Rather, a post service onset of his disabilities is shown. To the extent that the Veteran reports that his disabilities are caused by a head injury in service, the Board notes that such an injury remains undocumented in the service treatment records. 

The most probative evidence of record is devoid of showing that the Veteran's acquired psychiatric disorder and vertigo are related to service or an event in service. In making this decision the Veteran is competent to report psychiatric problems and dizziness and the circumstances surrounding such. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet.App. 428, 435 (2011), the specific issues in this case, the etiology of the Veteran's acquired psychiatric disorder and vertigo, falls outside the realm of common knowledge of a lay person. Jandreau. The Board finds that the issues at hand are far too complex a medical question to lend itself to the opinion of a layperson.

As there is not an approximate balance of positive and negative evidence regarding the merits of the claims that would give rise to a reasonable doubt in favor of the appellant, the benefit of the doubt rule is not applicable. See 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990).


ORDER

The application to reopen a claim of entitlement to service connection for seizures, claimed as residuals of a head injury, is denied. 

The application to reopen a claim of entitlement to service connection for residuals of a damaged eardrum is denied. 
 
The application to reopen a claim of entitlement to service connection for tinnitus is denied. 

The application to reopen a claim of entitlement to service connection for headaches, claimed as a residual of a concussion, is denied. 
 
Entitlement to service connection for an acquired psychiatric disorder, to include anxiety and depression is denied. 

Entitlement to service connection for vertigo is denied. 
 


Entitlement to service connection for a lumbar disorder is denied. 
 
Entitlement to service connection for a cervical disorder is denied. 



__________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs