﻿Citation Nr: 18132477
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 17-44 300
DATE: September 6, 2018
ORDER
New and material evidence having been received, the application to reopen the previously denied claim of entitlement to service connection for bilateral hearing loss, is granted.
Entitlement to service connection for bilateral hearing loss is granted on the merits.
REMANDED
Entitlement to a disability rating in excess of 50 percent for degenerative joint disease (DJD) of the right wrist prior to February 1, 2016, and in excess of 10 percent from February 1, 2016, to include the propriety of the reduction from 50 percent to 10 percent, is remanded. 
FINDINGS OF FACT
1. In an April 2007 rating decision, the Department of Veterans Affairs (VA) Regional Office (RO) confirmed and continued the previous denial of service connection for bilateral hearing loss. 

2. Evidence received since the April 2007 rating decision is new and material as the evidence had not previously been submitted, is not cumulative or redundant of the evidence of record at the time of the prior rating decision, and raises a reasonable possibility of substantiating the claim.
3. Resolving reasonable doubt in the Veteran’s favor, the Board of Veterans’ Appeals (Board) finds that the Veteran’s bilateral hearing loss began during active duty service.
CONCLUSIONS OF LAW
1. The April 2007 rating decision, that confirmed and continued the denial of service connection for bilateral hearing loss, is final. 38 U.S.C. § 7105 (West 2012); 38 C.F.R. § 20.1103 (2018).
2. New and material evidence has been received since the last previous final denial in April 2007; the claim of entitlement to service connection for bilateral hearing loss is reopened. 38 U.S.C. §§ 5108, 7105 (West 2012); 38 C.F.R. § 3.156(a) (2018).
3. The criteria for service connection for bilateral hearing loss are met. 38 U.S.C. §§ 1110, 5107(b) (West 2012); 38 C.F.R. §§ 3.102, 3.303(b) (2018).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had active duty service from March 1953 to March 1955. 
Although the Veteran requested a Board hearing on the February 2015 VA Form 9 pertaining to his hearing loss claim, there is no prejudice in deciding the claim at this juncture as the decision herein is a full grant of the benefit sought.
1. Whether new and material evidence was received sufficient to reopen the previously denied claim of entitlement to service connection for bilateral hearing loss.
VA law provides that a claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a). 
The U.S. Court of Appeals for Veterans Claims has held that the credibility of evidence must be presumed for the purpose of deciding whether it is new and material. Justus v. Principi, 3 Vet. App. 510, 513 (1992). The United States Court of Appeals for the Federal Circuit has held, however, that evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board. Anglin v. West, 203 F.3d 1343 (Fed. Cir. 2000). 
When making a determination as to whether received evidence meets the definition of new and material evidence, the Board should take cognizance of whether that evidence could, if the claim were reopened, reasonably result in substantiation of the claim. Shade v. Shinseki, 24 Vet. App. 110 (2010). 
In November 1990, the RO denied service connection for bilateral hearing loss based on the determination that service treatment records did not show hearing loss. In subsequent rating decisions dated in July 2002, March 2003, and April 2007, the RO determined that new and material evidence had not been received sufficient to reopen the claim. In each instance, the Veteran was given his appellate rights to appeal the decision. 
The Veteran did not appeal the adverse determination in November 1990. Although the Veteran’s statement in January 2003 could be construed as a notice of disagreement with the July 2002 rating decision, the Veteran did not appeal the subsequent adverse determinations in March 2003 and April 2007, nor was new and material evidence added to the record within a year following any of the above decisions. 38 C.F.R. § 3.156(b). Accordingly, the previous rating decisions became final based on the evidence then of record. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104(a), 20.302, 20.1103.
The evidence added to the record since the April 2007 rating decision includes a July 2013 opinion from a private examiner who noted that the Veteran reported having hearing loss since service. The evidence received is neither cumulative nor redundant of the evidence of record and raises a reasonable possibility of substantiating the claim of service connection for bilateral hearing loss as it shows that the Veteran may have had hearing loss since service. As a lay person, the Veteran is competent to report symptoms of hearing loss since active service. The credibility of the evidence is presumed for the purpose of reopening the claim of service connection for bilateral hearing loss. 
2. Entitlement to service connection for bilateral hearing loss. 
Under 38 C.F.R. § 3.303(b), service connection will be presumed where there are either chronic symptoms shown in service or continuity of symptomatology since service for diseases identified as “chronic” in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1338-40 (Fed. Cir. 2013). Sensorineural hearing loss (organic disease of the nervous system) is a “chronic disease” listed under 38 C.F.R. § 3.309(a). Therefore, the presumptive service connection provisions of 38 C.F.R. § 3.303(b) apply to the Veteran’s claim for service connection for bilateral hearing loss. 
Impaired hearing is considered a disability for VA purposes when the auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels (dB) or greater; where the auditory thresholds for at least three of these frequencies are 26 dB; or greater or when the Maryland CNC speech recognition scores are less than 94 percent. 38 C.F.R. § 3.385.
The Veteran contends that he has had bilateral hearing loss since service. For example, in the July 2013 notice of disagreement, he explained that he was an intermediate speed radio operator during service, worked on fire ranges and with heavy machines guns. He indicated that he started experiencing hearing loss when he was exposed to weapons firing. The Veteran also noted that he served in an engineer construction battalion where he had exposure to acoustic trauma from working with heavy equipment on roads, bridges, and buildings. As discussed above, in July 2013 a private examiner noted that the Veteran reported having hearing loss since service. The examiner also noted that the Veteran’s hearing loss progressed throughout the years to the point that the Veteran now has profound hearing loss. 
The Board concludes that although the evidence does not show that the Veteran’s bilateral hearing loss was diagnosed during service nor did it manifest to a compensable degree within the applicable presumptive period, there has been continuity of the same symptoms since service. 
The Veteran has a current diagnosis of bilateral sensorineural hearing loss. See April 2013 VA audiological examination, whereby the Veteran had 75 dB at 3000 Hertz in the right ear and 85 dB at 3000 Hertz in the left ear along with a diagnosis of sensorineural hearing loss in both ears. His DD 214 Form shows that his most significant assignment was radio operator with the Company 412th Engineer Construction Battalion at Fort Ord in California. The Veteran is competent to report that he has experienced symptoms of bilateral hearing loss since service. His statements are credible and entitled to probative weight, as they are internally consistent and consistent with other evidence of record. 
The Board acknowledges that on the VA audiological examination in April 2013, the examiner opined that it is not at least as likely as not (50 percent probability or greater) that the Veteran’s hearing loss was caused by or a result of an event in service. The examiner concluded that the Veteran’s occupational noise exposure along with the possible contribution of presbycusis are more likely than his military career to have caused his hearing loss. However, the underlying premise of his opinion was based on the absence of audiometric data in the service treatment records making it impossible to determine with certainty whether the Veteran incurred permanent damage to his hearing loss during his active service. Thus, the April 2013 VA opinion is of limited probative value because the absence of a hearing loss disability in service is not in and of itself fatal to a claim for service connection for hearing loss. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). To the extent that the VA examiner noted that the Veteran had occupational noise exposure outside of service and the Veteran has indicated he had recreational noise exposure outside of service, based on the evidence of record it is not possible to distinguish the effects of the nonservice-connected disorder from those of the service-connected disorder. Thus, the reasonable doubt doctrine dictates that all symptoms be attributed to the service-connected disorder. Mittleider v. West, 11 Vet. App. 181 (1998).
Considering the claim for service connection for bilateral hearing loss, in light of the record and the governing legal authority, the Board resolves all reasonable doubt in favor of the Veteran and finds that the evidence is in relative equipoise on the question of a nexus. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 
REASONS FOR REMAND
3. Entitlement to a rating higher than 50 percent for degenerative joint disease of the right wrist prior to February 1, 2016 and 10 percent from February 1, 2016, to include the propriety of the reduction from 50 percent to 10 percent is remanded. 
In November 2015, the RO decreased the previously assigned disability rating for a right wrist disorder from 50 percent to 10 percent disabling, effective February 1, 2016. The Veteran appealed this decision via an April 2016 notice of disagreement (NOD). The Board finds that the Veteran’s disagreement with his rating reduction also encompasses the issue of entitlement to an increased rating. As such, the issue on appeal has been recharacterized as entitlement to a disability rating in excess of 50 percent for DJD of the right wrist prior to February 1, 2016, and in excess of 10 percent thereafter, to include the propriety of the reduction. 
On the August 2017 VA Form 9, the Veteran asserted this his right wrist disability was getting worse. His last VA wrist examination was in October 2015. The Veteran also contended that his right wrist was never properly examined and he was not asked to do wrist motions, despite the fact that his 50 percent disability rating was reduced from 50 percent to 10 percent disabling. Accordingly, the Veteran should be provided an opportunity to report for a VA examination to ascertain the current severity and manifestations of his service-connected DJD of the right wrist. 
The matter is REMANDED for the following action:
1. The RO should obtain any outstanding treatment records, VA or private. All attempts associated therewith should be memorialized in the Veteran’s claims file.
2. Schedule the Veteran for a VA examination with an appropriate clinician to determine the current severity of his service-connected DJD of the right wrist. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under all applicable rating criteria. 
The examiner should address any limitation of motion, including whether there is any form of ankylosis, and any neurological manifestations. 
The examiner must test the Veteran’s right wrist range of motion movements that are painful on active use, passive use, in weight-bearing, and non-weight-bearing. To the extent possible the examiner also must estimate any additional functional loss caused by the Veteran’s flare-ups. The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. If it is not possible to provide a specific measurement, or an opinion regarding flare-ups, symptoms, or functional impairment without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), or a deficiency in the record (additional facts are required).
3. Thereafter, the issue on appeal should be readjudicated. If the benefit sought on appeal is not granted, the RO is requested to issue a supplemental statement of the case and the claim should be returned to the Board for further appellate review.

 
K. A. KENNERLY
Acting Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Mac, Counsel