﻿Citation Nr: 19159006
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 19-02 818A
DATE: July 30, 2019

ORDER

The claim for service connection for a right knee disability is reopened.

REMANDED

Entitlement to service connection for a right knee disability, to include arthritis, is remanded.

FINDINGS OF FACT

1. In an unappealed rating decision issued in September 2016, the Veteran was denied service connection for a right knee disability.

2. The evidence associated with the claims file subsequent to the September 2016 rating decision relates to an unestablished fact necessary to substantiate the claim for service connection for a right knee disability, is not cumulative or redundant of the evidence previously of record and is sufficient to raise a reasonable possibility of substantiating the claim.

CONCLUSION OF LAW

New and material evidence has been received to reopen a claim of entitlement to service connection for a right knee disability. 38 U.S.C. § 5108 (West 2012); 38 C.F.R. § 3.156 (2018). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Marine Corps from August 1992 to June 1996 with additional time in the Reserves thereafter. 

The appeal to reopen a claim for service connection for a right knee disability

Generally, a claim that has been denied in a final unappealed rating decision may not thereafter be reopened and allowed. 38 U.S.C. §§ 7104, 7105. Similarly, a decision by the Board is final unless the Chairman of the Board orders reconsideration of the decision. See 38 U.S.C. § 7103(a); 38 C.F.R. § 20.1100(a).

New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and it must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

In determining whether evidence is new and material, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). The United States Court of Appeals for the Federal Circuit has held, however, that evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board. Anglin v. West, 203 F.3d 1343 (2000).

Entitlement to service connection requires: (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the in-service disease or injury and the current disability. 38 C.F.R. § 3.303(a); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The Veteran was originally denied service connection for a right knee disability in a September 2016 rating decision due to lack of evidence of an in-service incurrence. This rating decision was not appealed, nor new and material evidence submitted, within a year. As such, the September 2016 rating decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103. The Board acknowledges that the Veteran submitted a claim to reopen in August 2017, which is within the one-year appeal period of the September 2016 rating decision. However, as the claim explicitly asks to reopen a claim for the right knee and expresses no disagreement with the September 2016 rating decision, it may not reasonably be construed as a notice of disagreement to the September 2016 rating decision. See 38 C.F.R. § 20.201(b). 

However, the Board does find that new and material evidence has been received to reopen the claim for service connection for a right knee disability. The Veteran’s claim to reopen was denied in a September 2017 rating decision, which was timely appealed. As such, the September 2016 rating decision is the last prior final decision relating to a claim for the right knee. Since this decision, the Veteran underwent a VA examination for his right knee in September 2017. The VA opinion provided is new evidence as it was not of record at the time of the prior final denial. As it speaks to a nexus, the evidence also is not cumulative or redundant of evidence previously of record. A nexus opinion also speaks to a previously unestablished fact.

Hence, the low threshold for reopening has been met. Shade v. Shinseki, 24 Vet. App. 110, 117-118 (2010). Accordingly, the claim of entitlement to service connection for a right knee disability is reopened. 38 C.F.R. § 3.156(a).

REASONS FOR REMAND

Entitlement to service connection for a right knee disability, to include arthritis, is remanded.

Having reopened the claim for service connection for a right knee disability, the Board finds that additional development is necessary. The Board acknowledges the Veteran’s assertions in the February 2019 Form 9 that he is not claiming that his right knee was injured during active duty. He stated that his right knee was aggravated during active Reserve service from January 2003 to October 2015. He also stated that his naval medical records clearly document a medical condition. The Board notes that the Veteran’s assertions speak to aggravation during service. However, the Board notes that the presumption of soundness and aggravation do not apply to periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) even if the claimant has previously earned Veteran status. Hines v. Principi, 18 Vet.App. 227, 239-40 (2004); see also Smith v. Shinseki, 24 Vet.App. 40, 48 (2010), Acciola v. Peake, 22 Vet.App. 320, 324 (2008).

Yet, service connection could be established on a presumptive or direct basis regarding the Veteran’s active service. As to presumptive service connection for chronic conditions under 38 C.F.R. §§ 3.309(a), the record does not currently reflect chronicity in service. The condition was not diagnosed during service or within the presumptive period, one year, following the Veteran’s discharge from service. Nor has the Veteran indicated a continuity of right knee symptoms since service. However, the Board notes that the Veteran has an opportunity on remand to submit additional evidence. 

As to direct service connection, the September 2017 VA examination report indicates diagnoses for right knee strain, knee tendonitis, and patellofemoral pain syndrome. Additionally, a December 2015 x-ray note from TMI Sports Medicine indicates a diagnosis for mild degenerative joint disease of the right knee. Therefore, a current diagnosis is established. As to an in-service incurrence, the Veteran reports that the physical labor of staying in shape during service, to include running a number of miles each week, wore on his knees. See June 2016 Statement in Support of Claim. Given the nature of service and that the Board has no reason to doubt the credibility of the Veteran’s statements, his assertions are sufficient to indicate an in-service incurrence.

With regard to a nexus, while the September 2017 VA examiner provided a negative opinion, it is based entirely on a lack of documented right knee complaints or treatment in the Veteran’s service treatment records. As such, the opinion is inadequate. See Buchannan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006). Nor did the examiner consider the Veteran’s lay statements regarding in-service events involving his right knee. The Board also notes that the September 2017 VA examiner did not list or consider the Veteran’s diagnosis for arthritis of the right knee. As such, remand is necessary to obtain an adequate opinion concerning the etiology of the Veteran’s right knee disability. 

The matter is REMANDED for the following action:

1. Schedule the Veteran for a new VA examination with an appropriate examiner to assess the etiology of his right knee disability. 

The claims file and a copy of this remand must be made available to the reviewing examiner, and the examiner should indicate in the report that the claims file was reviewed.

The examiner is also advised that the Veteran is competent to attest to observable symptoms, such as pain. 

If there is a medical basis to support or doubt the Veteran’s reports of symptomatology, the examiner should provide a fully reasoned explanation.

Any opinion provided must be accompanied by a rationale.

i) The examiner is asked to provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s right knee disabilities, to include arthritis, were caused by, incurred during or are otherwise related to his active duty. 

ii) If the above opinion is negative, as arthritis is chronic, the examiner is asked to indicate whether there has been a continuity of right knee symptoms since service. 

After completing the above actions, readjudicate the claim on appeal. If the benefits sought remain denied, the Veteran should be furnished an appropriate Supplemental Statement of the Case and be provided an opportunity to respond. 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Smith, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.