Citation Nr: 1448564 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-42 235 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim for service connection for left hip degenerative joint disease.
 
4. Whether new and material evidence has been received to reopen the claim for service connection for left lower extremity disability.
 
5. Entitlement to service connection for bruxism, to include as secondary to service-connected posttraumatic stress disorder (PTSD).



REPRESENTATION

Appellant represented by: Texas Veterans Commission




WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

G. E. Wilkerson, Counsel


INTRODUCTION

The Veteran served on active duty from January 1968 to January 1970, with subsequent service in the Army Reserve.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In November 2013, the Veteran testified during a videoconference hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record.

In April 2014, the Board reopened the claim for service connection for right shoulder disability and remanded the claim on the merits, along with the requests to reopen the claims for service connection for left hip and left lower extremity disabilities and the claim for service connection for bruxism, to the Agency of Original Jurisdiction (AOJ) for additional development. The case has since returned to the Board for the purpose of appellate disposition. For the following reasons, the RO is found to have substantially complied with the Board's remand instructions with respect to the claims herein decided. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In September 2014, the AOJ issued a decision granting service connection for right rotator cuff tendonitis and complete tear with impingement, representing full grant of this matter previously on appeal. Accordingly, it is no longer before the Board.

In January 2008, a claim for service connection for left foot disorder was raised. In July 2013, a claim for a total rating based on individual unemployability was raised. These claims have not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action.

During the Board hearing, the Veteran also indicated that he needed additional dental treatment. The issue of entitlement to service connection for a dental disability for treatment purposes only has been raised by the record, but this issue does not appear to have been adjudicated. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. Specifically, the AOJ should refer the claim for dental treatment to the appropriate VA Medical Center.

This appeal was processed using the Virtual VA and VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.


FINDINGS OF FACT

1. In an unappealed August 2006 rating decision, the RO denied the claims for service connection for left hip degenerative joint disease and left lower extremity disability.
 
2. The evidence associated with the claims file subsequent to the RO's August 2006 rating decision is cumulative and redundant of evidence already of record at the time of that decision.

3. The Veteran does not have a dental disability for which compensation can be authorized.

CONCLUSION OF LAW

1. The August 2006 rating decision denying service connection for left hip degenerative joint disease and left lower extremity disability is final. 38 U.S.C.A. §§ 5108, 7105 (West 2002); 38 C.F.R. § 20.1103 (2013).

 2. New and material evidence has not been received to reopen the claim of service connection for left hip disability. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156 (2013).
 
3. New and material evidence has not been received to reopen the claim of service connection for left lower extremity disability. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156 (2013).

4. The criteria for establishing service connection for residuals of dental trauma for compensation purposes have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.310, 3.381, 4.150 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. The Veterans Claims Assistance Act

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2012)) redefined VA's duty to assist the Veteran in the development of a claim. VA regulations for the implementation of the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013).

Under the VCAA, VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must request that the claimant provide any evidence in his possession that pertains to the claim. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004); 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b).

The United States Court of Appeals for Veterans Claims (Court) has also held that the VCAA notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim. Those five elements include: 1) Veteran status; 2) existence of a disability; 3) a connection between the Veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

As regards the claims to reopen, in Kent v. Nicholson, 20 Vet. App. 1 (2006), the Court of Appeals for Veterans Claims (Court) held that the law requires VA to look at the bases for the denial in the prior decision and to respond with notice that describes what evidence would be necessary to substantiate the element or elements required to establish service connection that were found insufficient in the previous denial.

In a February 2008 pre-rating letter, the RO notified the Veteran of the evidence needed to substantiate the claim for service connection. This letter also satisfied the second and third elements of the duty to notify by delineating the evidence VA would assist in obtaining and the evidence it was expected that he would provide. Quartuccio v. Principi, 16 Vet. App. 183, 186-87 (2002); Charles v. Principi, 16 Vet. App. 370 (2002). In addition, with respect to the claims to reopen, this letter provided notice regarding what evidence would be necessary to substantiate that element or elements required to establish service connection that were found insufficient in the previous denial, in accordance with Kent.

The Veteran has substantiated his status as a veteran. The Veteran was notified of all other elements of Dingess in the February 2008 letter. 

The Board further finds that VA has complied with the duty to assist by aiding the appellant in obtaining evidence. In this case, VA obtained all of the identified and available post-service private and VA treatment records. 

The record reflects that the Veteran's Reserve service records have been unable to be obtained. A July 2006 Formal Finding of Unavailability indicates that numerous attempts were made to obtain these records, and that the Veteran was informed of the unavailability of these records and provided an opportunity to submit any records in his position. Accordingly, the Board believes that a remand to attempt to obtain these records would be futile.

The Court has held that in cases where records once in the hands of the government are lost, the Board has a heightened obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt rule where applicable. See O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). Because of missing records, the analysis below has been undertaken with this heightened duty in mind. The case law does not, however, lower the legal standard for proving a claim for service connection but rather increases the Board's obligation to evaluate and discuss in its decision all of the evidence that may be favorable to the claimant. See Russo v. Brown, 9 Vet. App. 46 (1996).

While, following the Board's April 2014 remand, the Veteran was provided with an opportunity to give his authorization to obtain any outstanding treatment records, including those discussed during the Board hearing, the Veteran did not respond. 

The Veteran was also provided with VA dental and orthopedic examinations in June 2014 as to the nature and etiology of the claimed disabilities on appeal. Because the examiners reviewed the claims file, interviewed and examined the Veteran, described the Veteran's current dental disability and left hip and lower extremity disabilities, and provided an opinion on the origin of these disabilities with supportive rationale, the Board finds that the examination is adequate. The examiner provided the requested opinions thus complied with the Board's remand instructions in this regard as well. Stegall, 11 Vet. App. at 271.

Finally, the Veteran also presented testimony at a Board hearing in November 2013. During the hearing, the undersigned Veterans Law Judge identified the issues on appeal and explained what evidence is needed to substantiate the claims. The Veteran was provided an opportunity to submit additional evidence. These actions complied with 38 C.F.R. § 3.103(c)(2) and were consistent with the duty to assist. See Bryant v. Shinseki, 23 Vet. App. 488, 492 (2010).

For the reasons set forth above, the Board finds that VA has complied with the VCAA's notification and assistance requirements. The claims on appeal are thus ready to be considered on the merits.

II. Analysis

A. Application to Reopen

The RO denied the Veteran's claims for service connection for left hip degenerative joint disease and left lower extremity disability in an August 2006 rating decision. At the time of that decision, the evidence of record consisted of the Veteran's active duty service treatment records, post service VA treatment records dated from 2002 to 2006, a DA Form 2173 Statement of Medical Examination and Duty Status dated in July 2002, statements from the Veteran's fellow soldiers regarding a fall in service in 2002, and various written statements from the Veteran.

In the written statements the Veteran expressed that he had left hip and lower extremity disability related to an injury during his reserve service. 

The Statement of Medical Examination and Duty Status dated in July 2002 reflects that the Veteran fell "down to the ground when was pulling down the hamstrings" and injured his lips and hurt his legs. He was transferred to an Army Medical Center where his lips were stitched and he received prescription medication. It was noted that he was injured in the line of duty.

In various written statements, the Veteran's fellow soldiers who witnessed the fall indicated that they knew he injured his shoulder, lips, and hamstring-though they did not identify which side.
 
On VA treatment in September 2002, the Veteran stated that he fell 2 months prior while doing PT on reserve duty and required 4 sutures inside mouth and sprained right ankle. He still complained of right ankle pain and hamstring pain in right leg.

A November 2004 VA treatment report indicates that the Veteran complained of left hip pain as well as right shoulder and bilateral ankle pain. It was noted that he was involved in an injury while a reservist.

In the August 2006, the RO denied the claims for service connection for left lower extremity disability and left hip degenerative joint disease. Service connection for left lower extremity disability was denied because the medical evidence of record failed to show that this disability had been clinically diagnosed. In denying the claim for service connection for left hip degenerative joint disease, the RO noted that the July 2002 DA Form 2173 was negative for hip injury and there was no medical evidence indicating that his left hip degenerative joint disease was related to service.

The Veteran was notified of the August 2006 rating decision and of his appellate rights in a letter dated that same month, but he did not perfect an appeal regarding these issues. There was also no evidence received that pertained to the claims within one year of the issuance of the decision. Therefore, the August 2006 rating decision became final. 38 C.F.R. §§ 3.156, 20.302.

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of the claimant. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).

The Veteran requested that VA reopen the previously denied claim of service connection in February 2008. In order to reopen a claim which has been denied by a final decision, the claimant must present new and material evidence. 38 U.S.C.A. § 5108.

New and material evidence means evidence not previously submitted to agency decisionmakers; which relates, either by itself or when considered with previous evidence of record, to an unestablished fact necessary to substantiate the claim; which is neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and which raises a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

To reopen a previously disallowed claim, new and material evidence must be presented or secured since the last final disallowance of the claim on any basis, including on the basis that there was no new and material evidence to reopen the claim since a prior final disallowance. See Evans v. Brown, 9 Vet. App. 273, 285 (1996).

For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992) (in determining whether evidence is new and material, "credibility" of newly presented evidence is to be presumed unless evidence is inherently incredible or beyond competence of witness).

The United States Court of Appeals for Veterans Claims (Court) has held that the threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010).

Since the August 2006 rating decision, the recently received evidence includes additional VA outpatient treatment records dated through 2013, the Veteran's November 2013 Board hearing testimony, a June 2014 VA examination, a March 2008 lay statement from R.G., and various written statements from the Veteran.

The March 2008 statement from R.G. indicates that he was the company commander at the time of the July 2002 fall during training. He noted that the Veteran received bruises to the arms, legs, and face. He noted that his cuts were treated and he received stitches in the lip.

VA treatment records include an August 2007 entry noting hip pain. A December 2007 physical therapy report reflects the Veteran's complaint of discomfort in the low back and left lower extremity following stretching exercises.

A May 2010 VA treatment record reflects the Veteran's report that he was hit with shrapnel in the legs but the shrapnel only grazed his legs and was no longer present. 

During the Veteran's November 2013 Board hearing, the Veteran indicated that he felt the fall and injury in service in 2002 aggravated and injured his left hip and left lower extremity. He endorsed current left hip and lower extremity pain. He further indicated that a doctor had not related his left hip condition to the fall. He was not under current care for the hip.

On VA examination in June 2014, the Veteran reported left leg pain that traveled from left hip down to left leg. He reported no history of trauma to left leg. He indicated a history of chronic back pain since 2002 when he had x-ray of the lumbar spine and was found with degenerative changes. The Veteran reported that,
after back pain worsen he started to get left hip and left leg shooting pain that started in the lower back and traveled to left hip and left leg. The Veteran reported no history of trauma to back. 

As regards the left hip, the Veteran reported a history of left hip pain on and off. He indicated that he used to jump out of planes while in service. He reported no history of left hip injury. He noted that a 2004 hip x-ray and showed degenerative changes. The Veteran reports no further evaluations with primary care or any private provider for left hip pain.

On physical examination pertaining to the lumbar spine, the examiner indicated that muscle strength in the left lower extremity was normal and no muscle atrophy was present. Sensory, motor, and reflex examinations also yielded normal findings. A straight leg raise test was also negative. The examiner indicated that the Veteran did not have any other signs or symptoms related to radiculopathy. Diagnoses of osteoarthritis and degenerative disc disease of the lumbar spine, without myelopathy, were assigned.

After physical examination and x-ray of the left hip, the examiner diagnosed degenerative joint disease of the left hip. 

With respect to the left leg, the examiner noted that there was no pathology identified at that time. A physical examination of the left lower extremity yielded normal findings, and an x-ray of the left femur was unremarkable.

After examination and review of the claims file, the examiner opined that the claimed left hip/leg condition was less likely than not incurred in or caused by the claimed in-service injury, event or illness. In so finding, the examiner cited to the September 2002 VA treatment report reflecting complaints regarding the right ankle and hamstring, but not the left. The examiner further noted that she had reviewed the Veteran's entire available medical records and there were no findings indicating that a condition of the left lower extremity (hip) is related to the fall.

With respect to the claimed left lower extremity disability, the Board notes that the claim was previously denied on the basis of lack of a current disability. Here, the newly submitted evidence fails to establish that the Veteran has been diagnosed with a left leg disease or injury related to his complaints. The June 2014 examiner indicated that a left lower extremity examination was normal and there was no pathology identified at that time. The Veteran's statements, Board hearing testimony, and statement from R.G. does not establish disease or injury related to the left leg complaints.

Accordingly, the Board finds that this new evidence is cumulative and redundant of evidence previously of record and does not relate unestablished fact necessary to substantiate the claim for service connection for left lower extremity disability.

As regards the left hip, to the extent to which the submitted evidence demonstrates left hip degenerative arthritis, the claim was not previously denied on the basis of a lack of a current disability. Evidence that confirms a previously established fact is cumulative. 
In essence, there was remote post service evidence of left hip degenerative joint disease, but no accepted evidence of an in-service disese or injury or of a nexus to service. The newly received VA treatment records and VA examination reports do not document a nexus to service. The VA examiner specifically indicated that such a relationship was less likely than not, and the treatment records do not discuss a relationship between current left hip disability and service.

In other words, the presence of a current disability, but not linking the disability to service, was previously of record. Alone and in connection with evidence previously assembled, this evidence reflecting treatment for the claimed disability rather than new and material. 38 C.F.R. § 3.156(a). Evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board. Anglin v. West, 203 F.3d 1343 (Fed. Cir. 2000).

To the extent to which the Veteran submitted lay evidence of injury and left leg complaints in service, including various written statements and his Board hearing testimony, this evidence is likewise cumulative and redundant. See Reid v. Derwinski, 2 Vet. App. 312, 315 (1992) (explaining testimony concerning how the claimant's ankle was injured was not new as the Veteran made that assertion many years earlier). In support of his prior claim, the Veteran submitted written statements as well as statements from fellow service members describing his fall in service and noting general injury to the left leg as a result of the fall. Accordingly, these statements are cumulative and redundant of evidence previously of record.

In sum, the Veteran has not submitted new and material evidence showing in-service complaints, or otherwise suggesting a relationship between currently diagnosed left hip disability and service, to include as a result of the July 2002 injury during reserve service. Stated differently, at the time of the prior decision there was evidence of current disability but no evidence of in-service disease or injury or of a nexus to service other than the Veteran's lay opinion. The newly-submitted evidence is cumulative in nature and does not address these deficiencies.

Thus, the additional evidence received since the August 2006 rating decision does not relate to an unestablished fact necessary to substantiate the claims, nor does it raise a reasonable possibility of substantiating the claims. Accordingly, the Board finds that the claims for service connection for left hip and left lower extremity disability are not reopened.


B. Bruxism

The Veteran contends that he is entitled to service connection for bruxism as he believes that his teeth grinding is due to his service connected PTSD and has led to the loss and replacement of multiple teeth.

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C.A. § 1110 ; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

In addition, under current VA regulations, compensation is only available for certain types of dental and oral conditions listed under 38 C.F.R. § 4.150, such as impairment of the mandible, loss of a portion of the ramus, and loss of a portion of the maxilla. Compensation is available for loss of teeth only if such is due to loss of substance of body of maxilla or mandible due to trauma or disease such as osteomyelitis, but not periodontal disease. Otherwise, a Veteran may be entitled to service connection for dental conditions including treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease, for the sole purposes of receiving VA outpatient dental services and treatment, if certain criteria are met. 38 U.S.C.A. § 1712; 38 C.F.R. §§ 3.381, 17.161; Simington v. West, 11 Vet. App. 41, 44 (noting the distinction between replaceable missing teeth which can be service connected for treatment purposes only and teeth lost "as a result of 'loss of substance of body of maxilla and mandible' which can be assigned ratings anywhere from 0 to 100 % for compensation purposes"). 

The Veteran's service treatment records include only an initial dental examination dated in January 1968, which notes missing teeth #16 and #17 and impacted tooth #32. Dental records otherwise do not include any indication of treatment during service.

In an April 2008 statement, Dr. C. reported that the Veteran initially presented for treatment in 1990 with major periodontal disease problems. He completed surgical treatment in 1996 in the upper anterior region and in the left lower quadrant following significant breakdown from a gum disease standpoint. At the time of the original examination, he noted that he discussed with the Veteran the problems secondary to a clenching habit. Evaluation of the individual teeth showed severe and abnormal wear patterns throughout both arches secondary to a clenching and grinding habit.

Review of his previous medical history indicated that he had been treated for and diagnosed with PTSD. His clinical presentation and demeanor in the office was accompanied by a severe nervous habit and difficulty in maintaining a calm and normal state. His description of problems indicated that he was fighting complications from posttraumatic stress and he explained that he had been fighting this for many years. 

The Veteran was seen regularly through 2000 when he discontinued his regular recall appointments. Since that time, Dr. C. noted that he had seen the Veteran on two or three occasions to consult concerning the results of this severe wear and his clenching habit. Clinical examination revealed that the periodontal bony situation has stabilized and he did not notice any further breakdown following the surgery in 1996.

He recommended that any future treatment consider full mouth rehabilitation in the upper arch, opening the bite relationship and creating a better occlusal relationship between the two arches. He also thought that surgical crown lengthening would probably be necessary in the anterior regions to uncover enough tooth to support the crowns. He thought that use of a hard acrylic maxillary splint was critical for long-term preservation of the remaining tooth surfaces and this would also be needed following the new crowns in both arches. He felt that most of the Veteran's clenching habit was related to his apparent nervous habit and he was sure that his PTSD was contributing significantly to the degree of bruxism that he presented with. He thought that his bite relationship had contributed to the breakdown of the individual teeth to a significant extent, but it had definitely been complicated and exaggerated by his clinical nervousness and his previous history of PTSD.

During the Veteran's November 2013 Board hearing, he reported that his grinded his teeth due to his service-connected PTSD, particularly at night in response to nightmares and stress. He indicated that he had lost teeth down to the bone due to this grinding and had to undergo many operations to remove the teeth. He indicated that he wore a mouth guard at night.

On VA dental examination in June 2014, the examiner noted that, on x-ray and examination there was no anatomical loss or bony injury of the mandible or maxilla, anatomical loss or bony injury leading to loss of teeth, malunion or nonunion of the maxilla or mandible, osteomyelitis, or other pertinent physical findings. 

The examiner noted that a review of the Veteran's patient records and clinical presentation revealed a history of maxillary and mandibular incisal wear likely due to bruxism or tooth-grinding habit. The maxillary teeth had since been restored by non-VA practitioners with ideal aesthetics and occlusal relationship.

The examiner noted that Dr. C's medical report had been considered. He determined that he exact etiology of bruxism could not be determined in the Veteran. He indicated that most current evidence supports the hypothesis that bruxism is centrally mediated under autonomic and brain arousal or vigilance influences. Among the various hypotheses proposed to explain bruxism, the most recent ones support the role of the central nervous and autonomic nervous systems in the genesis of oromandibular activity during sleep. The process of tooth enamel wear is extremely variable and the gradual process of tooth damage must be observed over several years with strong consideration to local factors such as diet, home care, and adverse oral habits.

In sum, the examiner determined that the opinion that bruxism is attributed to PTSD can only be speculated upon at which no strong position can be made due to the lack of clear dental evidence.

In a July 2014 addendum, the examiner noted that the Veteran did not have a dental disability that could directly be attributed to active duty service as noted in previous clinical examination notes. There was no documented evidence of an active duty condition related to dental/oral/behavioral conditions. Therefore, he found it is less likely than not any claimed dental disability is due to any injury or other event or incident related to service.

The medical and lay evidence establish that the Veteran has maxillary and mandibular incisal wear and missing teeth that have been restored. However, service connection for loss of teeth can be established for compensation purposes only if the loss is due to the loss of the body of the maxilla or mandible due to trauma or disease such as osteomyelitis, which is not shown here. 38 C.F.R. § 4.150, Diagnostic Code 9913. The Veteran does not have any other dental condition for which service connection for compensation purposes can be awarded.

In so finding, the Board makes no determination with respect to whether the Veteran may be entitled to service connection for dental conditions for outpatient treatment purposes, which, as indicated above, is not subject of the current appeal.

Accordingly, as the Veteran does not have loss of the substance of the body of the maxilla or the mandible, service connection for compensation purposes must be denied. In reaching the conclusion above, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).


ORDER

The application to reopen the claim for service connection for left hip degenerative joint disease is denied.
 
The application to reopen the claim for service connection for left lower extremity disability is denied.
 
Entitlement to service connection for bruxism is denied.



____________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs