Citation Nr: 1730447 
Decision Date: 07/14/17 Archive Date: 08/09/17

DOCKET NO. 10-31 526 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a right foot disability.

2. Entitlement to service connection for a right foot disability, including as secondary to the service-connected left foot disability.

3. Entitlement to service connection for a low back disability, including as secondary to the service-connected left foot disability.


REPRESENTATION

Appellant represented by: James G. Fausone, Attorney-at-Law


ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from September 1973 to September 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from June 2009 and May 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio, which, in pertinent part, denied entitlement to service connection for degenerative changes of the lumbar spine and denied reopening the claim of entitlement to service connection for a right foot disability. Regardless of any RO determination on the application to reopen, however, the Board has a jurisdictional responsibility to consider whether it is proper for the claim to be reopened. See Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). 

The Veteran appointed James G. Fausone, attorney-at-law, as his representative in July 2010, which effectively revoked the prior representation by Disabled American Veterans (DAV).

The issue of entitlement to service connection for a low back disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. An unappealed December 2001 rating decision denied the Veteran's initial claim of entitlement to service connection for bilateral flat feet, bilateral hallux limitus, and a right foot disability, to include plantar fasciitis. 

2. In a September 2002 decision, the VA reopened and denied the Veteran's claim for entitlement to service connection for a right foot condition. The Veteran appealed this decision.

3. An unappealed April 2007 Board decision declined to reopen the previously denied claim for entitlement to service connection for a right foot disability and subsumed the RO's prior rating decisions on the same issue.

4. In the appealed May 2011 decision, the VA declined to reopen the previously denied claim for entitlement to service connection for bilateral flat feet, bilateral hallux limitus, and a right foot disability, to include plantar fasciitis. 

5. Evidence received since the final April 2007 Board decision, relates to an unestablished fact necessary to substantiate the claim and raises a reasonable possibility of substantiating the claim of service connection for a right foot disability.

6. The Veteran's current right foot disability is etiologically related to her service-connected left foot disability. 


CONCLUSIONS OF LAW

1. The December 2001 rating decision that denied the claim for entitlement to service connection for a right foot disability is final. See 38 U.S.C.A. § 7103, 7104 (West 2014); 38 C.F.R. §§ 3.156, 20.1100 (2016).

2. The April 2007 Board decision that declined to reopen the previously denied claim of entitlement to service connection for a right foot disability is final. 38 U.S.C.A. § 7104(b) (West 2014); 38 C.F.R. § 20.1104 (2016).

3. Evidence received since the final April 2007 Board decision is new and material and the claim for entitlement to service connection for a right foot disability is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2016).

4. The criteria for service connection for a right foot disability, secondary to the service-connected left foot disability, have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a). Given the favorable outcome of this decision, no prejudice to the Veteran could result from this decision. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993).

Reopening Based on New and Material Evidence

Service connection for a right foot disability was denied by a December 2001 rating decision. Notice was provided and the decision was not appealed. It thus became final. See 38 U.S.C.A. § 7103, 7104; 38 C.F.R. §§ 20.1100. The same factual basis is not generally thereafter considered.

An exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, VA shall reopen the claim and review the former disposition of the claim. The implementing regulation also provides that new and material evidence received prior to the expiration of the appeal period will be considered as having been filed in connection with the claim that was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b). If such new and material evidence had been submitted and had not been acted upon, a claim could still be pending until a decision had been made on that evidence. See 38 C.F.R. § 3.160(c)("pending claim" is "[a]n application, formal or informal, which has not been finally adjudicated"); see also Ingram v. Nicholson, 21 Vet. App. 232, 240 (2007) ("[A] claim remains pending-even for years-if the Secretary fails to act on a claim before him"). To comply with the directive of 38 C.F.R. § 3.156(b) that new and material evidence be treated as having been filed in connection with the pending claim, VA must evaluate submissions received during the relevant period and determine whether they contain new evidence relevant to a pending claim, regardless of whether the relevant submission might otherwise support a new claim. Bond v. Shinseki, 659 F.3d 1362, 1369 (Fed. Cir. 2011).

Under applicable regulations, "new" evidence is defined as existing evidence not previously submitted to agency decision makers. "Material" evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 
38 C.F.R. § 3.156(a).

In determining whether evidence is new and material, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held, however, that evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board. Anglin v. West, 203 F.3d 1343 (2000).

In deciding whether new and material evidence has been submitted, the Board looks to the evidence submitted since the last final denial of the claim on any basis. Evans v. Brown, 9 Vet. App. 273, 285 (1996). The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010).

In order to determine whether new and material evidence has been received, the Board must analyze the law applicable to the underlying service connection claim. Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

As noted above, in December 2001, the VA denied the Veteran's claim for entitlement to service connection for a right foot disability. The Veteran was notified of this denial in a letter that month, but did not appeal the decision. Therefore, this denial was final. See 38 U.S.C.A. § 7103, 7104; 38 C.F.R. §§ 3.156, 20.1100.

The RO's denial in December 2001 of service connection for a right foot disability was based on a determination that there was no nexus between the Veteran's right foot disability and either service or the service-connected left foot disability. The evidence before the RO included the Veteran's service treatment records; outpatient treatment records; April 1997, January 1999, and September 2001 VA examination reports; a March 1999 VA addendum opinion; and VA treatment records dated January 1999 to April 2001.

In April 2007, the Board declined to reopen the previously denied claim of entitlement to service connection for a right foot disability. The Veteran did not appeal the decision and it was final. The evidence before the Board that was received subsequent to the December 2001 rating decision included treatment notes from the Nashville VA Medical Center (VAMC); VA examination reports dated March 2003 and November 2003; a VA examination report addendum dated December 2004; Gazza Lab Neurology reports dated March 2003 and November 2003; and a transcript of the Veteran's Travel Board hearing conducted in July 2006.

The evidence received since the April 2007 Board decision includes a May 2011 VA podiatry note indicating that "it is likely as not that the patient's right foot neuralgia is secondary to the patient's left foot service-connected metatarsal fracture, heel spur, and plantar fasciitis." He noted that she has an antalgic gait secondary to her pain, causing "the nerve to become irritated and changes in her gait." As this evidence relates to an unestablished fact necessary to substantiate the claim, it is new and material, and reopening of the claim for service connection for a right foot disability is warranted.

In Bernard v. Brown, 4 Vet. App. 384, 392 (1993), the United States Court of Appeals for Veterans Claims (Court) held that claims to reopen previously and finally denied claims, implicated both the question of whether there is new and material evidence to reopen the claim and the question of whether, upon such reopening, the claimant is entitled to the requested benefits. Therefore, the "matter" over which the Board has jurisdiction under 38 U.S.C.A. § 7104 (a) is the Veteran's claim of entitlement to VA benefits. The Board finds no prejudice to the Veteran in adjudicating the claim for entitlement to service connection for foot disability on its merits.

Service Connection - Laws and Regulations

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. 
§§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease incurred in service. 38 C.F.R. 
§ 3.303(d). 

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection is also warranted for disability proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Such secondary service connection is warranted for any increase in severity of a nonservice-connected disability that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease. 38 C.F.R. § 3.310(b).

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether a veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465, 469. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303 (2007). Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau, 492 F.3d 1372, 1377. 

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Service Connection Claim for a Right Foot Disability - Analysis

The Veteran contends that her right foot disability is related to, or caused by, her service-connected left foot disability. 

As an initial matter, the Board finds that the Veteran has a current diagnosis of right foot neuritis. See May 2010 VA treatment record; May 2011 medical opinion from treating VA physician.

Turning to the issue of etiology, the Board finds that the weight of the evidence supports a finding that the Veteran's current right foot neuritis is related to her service-connected left foot disability.

The Veteran was afforded a VA examination in January 1999. The VA examiner diagnosed the Veteran with bilateral plantar fasciitis and bilateral hallux limitus. He opined that the Veteran's left foot condition had worsened and now involved the right foot. 

The Veteran was afforded a VA examination in March 2003. She reported that she had right foot heel pain as far back as 1999. She reported experiencing pain, weakness, stiffness, and swelling and heat in the right and left lower extremities. She also reported recently beginning to notice muscle weakness of the right and left lower extremities. No opinion was given as to the etiology of the right foot disability.

The Veteran was afforded a VA examination in November 2003. She was diagnosed with lower extremity peripheral neuropathy. Her gait was limited, with the normal stride decreased, perhaps due to an antalgic gait. It is not clear whether this VA examination addressed both feet, or merely addressed one foot. The VA examiner stated that the Veteran's "right foot pain has insidiously developed over the years." The Veteran was diagnosed with bilateral plantar fasciitis, bilateral hallux limitus, and bilateral foot neuralgia. The VA examiner opined that the Veteran's long-standing service-connected left foot disability may have contributed to the development of the right foot conditions, which were similar in etiology and caused similar levels of pain and disruption of normal daily activities.

A December 2005 VA treatment note indicated that the Veteran had bilateral heel pain, with the left heel more painful than the right. The problem began 10 years prior, with episodes of exacerbation. She was diagnosed with plantar fasciitis, heel spur, interspace neuritis, possible tarsal tunnel syndrome, and a subclinical stress fracture of the calcaneus, bilaterally.

A May 2007 radiologic examination report indicated that the Veteran had bilateral plantar spur formation and bilateral hallux valgus deformity, mild on the left and minimal on the right with early to minimal hypertrophic degenerative changes of the first metatarsophalangeal joint area.

A May 2010 VA treatment record indicates that the Veteran had been diagnosed with neuritis of the right foot.

In May 2011, as noted above, the Veteran's treating VA podiatrist diagnosed the Veteran with right foot neuritis, and opined that her right foot neuralgia "is likely as not that the patient's right foot neuralgia is secondary to the patient's left foot service-connected metatarsal fracture, heel spur, and plantar fasciitis." He noted that she has an antalgic gait secondary to her pain, causing "the nerve to become irritated and changes in her gait." The Board finds that this opinion to be adequate and highly probative. It is based on a thorough knowledge of the Veteran's treatment history, addresses her current right foot diagnosis, and provides an adequate explanation of the reasons and bases to support the opinion.

In May 2011, the Veteran stated that the problems with her right foot started around the time of her initial left foot injury during service. The pain in the right foot has increased over time, and she now has a constant burning sensation and sharp pains with the worst pain in the heel and top of the foot. She reported that she walked with a limp. The Board finds the Veteran competent to report her symptom of foot pain and to describe the onset of such pain. However, she is not competent to opine on whether there is a link between her right foot neuritis and her service-connected left foot disability, because such conclusions require specific, highly specialized, medical knowledge and training regarding some unseen and complex processes and knowledge of the various risk factors and causes of neuritis. See Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (holding that ACL is too "medically complex" for lay diagnosis based on symptoms). Therefore, the Veteran's lay opinion as to the etiology of her right foot disability has little probative value.
After a review of all of the evidence of record, both lay and medical, the Board finds that the preponderance of the evidence is in favor of a finding that the Veteran's current right foot disability, to include right foot neuritis, is etiologically related to her service-connected left foot disability. The January 1999 and November 2003 VA examiners, as well as the April 2011 opinion from the Veteran's treating VA physician, support a finding that the Veteran's current right foot disability is related to her service-connected left foot disability. There is no negative nexus opinion of record. For these reasons, and resolving all reasonable doubt in the Veteran's favor, the Board finds that the criteria for service connection for right foot disability, to include right foot neuritis, secondary to the service-connected left foot disability, have been met. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.

ORDER

New and material evidence has been received and the claim for entitlement to service connection for a right foot disability is reopened.

Service connection for a right foot disability, to include right foot neuritis, secondary to the service-connected left foot disability, is granted.


REMAND

Further development is necessary prior to analyzing the merits of the remaining claim. Specifically, an additional examination should be afforded to the Veteran for the reasons expressed below. 

The Veteran was afforded a VA spine examination in May 2009. Once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). The VA examination report indicated that an MRI performed the prior month had revealed mild degenerative disc disease with moderate facet joint and ligamentous hypertrophy. The VA examiner opined that the Veteran's lumbar spine condition was less likely as not caused by, or a result of, his service-connected left foot conditions. The VA examiner explained that in the absence of a persistent limp or gait alteration secondary to the left foot condition, it is less likely than not that the current lumbar spine condition is due to the service-connected left foot conditions and more likely due to the effects of aging and obesity, and cited several studies on the correlation between age, obesity, and osteoarthritis. However, as noted by the Veteran's representative in April 2016 written argument, the VA examiner did not provide an opinion as to whether the low back condition was directly related to service or aggravated beyond its normal progression by the service-connected left foot disability. 

The Board also notes that the VA examiner's opinion relied, in part, on the absence of a persistent limp or gait alteration. However, the May 2011 statement from the Veteran's treating VA podiatrist indicated that she had an antalgic gait. Therefore, the VA examiner's nexus opinion is inadequate. The examiner's opinion regarding the absence of an antalgic gait is based on an inaccurate factual premise, as it is inconsistent with the medical reports of record of an altered gait and does not provide an explanation for this inconsistency. For these reasons, the Board finds that the May 2009 VA examination is inadequate, and a remand is necessary to obtain a new VA examination.

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file all relevant outstanding VA records. 

2. Schedule the Veteran for a VA examination to determine the nature and etiology of her low back disability, to include as secondary to, or aggravated by, her service-connected bilateral foot disability. The entire claims file, including a copy of the Remand, should be made available to, and be reviewed by, the VA examiner. All appropriate tests, studies, and consultation should be accomplished and all clinical findings should be reported in detail.

The examiner should provide the following opinions:

**Is it as least as likely as not (i.e., 50 percent or greater probability) that any currently diagnosed low back disability is related to or caused by service? The examiner should note and address the Veteran's October 1975 treatment for low back pain and muscle spasm and February 1976 complaint of back problems.

**Is it as least as likely as not (i.e., 50 percent or greater probability) that any currently diagnosed low back disability is related to, caused by, or aggravated beyond its natural progression by the Veteran's service-connected disabilities, to include bilateral foot disability? The examiner should note and address the notations of an abnormal or antalgic gait in the Veteran's treatment records and the May 2011 opinion from the Veteran's treating VA podiatrist.

The term "at least as likely as not" does not mean within the realm of possibility, but rather that the evidence both for and against a conclusion is so evenly divided that it is as sound to find in favor of a certain conclusion as it is to find against it.

A detailed rationale should be provided for the opinions rendered. If the examiner cannot provide the requested information without resort to speculation, he or she must state the reasons why, and if an additional clinical evaluation is necessary to render the requested information, then that opportunity should be made available.

3. Thereafter, and after undertaking any additional development deemed necessary, readjudicate the back issue on appeal. If the benefit sought on appeal remains denied, the Veteran and her representative must be provided with a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs