Citation Nr: 1825336 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 14-14 953 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Whether new and material evidence was received to reopen the claim of service connection for a back condition.

2. Entitlement to service connection for a back disability.

3. Whether new and material evidence was received to reopen the claim of service connection for carpal tunnel syndrome (CTS) of the right wrist.

4. Entitlement to service connection for CTS of the right wrist (also referred to as CTS of the right hand).

5. Entitlement to service connection for tinnitus.

6. Entitlement to an initial evaluation in excess of 20 percent for service-connected residuals, right thumb dislocation.

7. Entitlement to service connection for residuals of prostate cancer.

8. Entitlement to an effective date earlier than February 4, 2013, for the 20 percent evaluation assigned for residuals, right thumb dislocation.


ATTORNEY FOR THE BOARD

J. Nichols, Counsel


INTRODUCTION

The Veteran served on active duty from August 1967 to August 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from various rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO).

The Board notes that the Veteran submitted multiple different Form 9s and the issues presented herein have been administratively merged for efficiency purposes. On the earliest Form 9, he requested a videoconference Board hearing, and on the two subsequent Form 9s, he requested Travel Board hearings. He was sent a hearing clarification letter to which he responded that he would like a Board videoconference hearing. See September 2015 Correspondence. The Veteran was then was scheduled for a videoconference Board hearing at the RO, but he did not attend. He received notice of the time, date, and place of the hearing and did not provide good cause for his inability to attend. See February 2017 Letter from VA. Therefore, the Board considers the hearing request to be withdrawn. 38 C.F.R. § 20.702 (2017).

The Board also notes that the Veteran removed his attorney as his representative in May 2015. The attorney acknowledged this change prior to certification of the matters on appeal. The Veteran has not opted to select another representative. Hence, there are no issues regarding representation.

The issues involving the back disability, CTS of the right wrist/hand, right thumb disability, and prostate cancer are all addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In an unappealed October 1972 decision, the RO denied the Veteran's claim of service connection for a back condition; the Veteran did not appeal this determination, and new and material evidence was not received within a year of its issuance.

2. The evidence received since the October 1972 rating decision directly relates to an unestablished fact necessary to substantiate the claim for service connection for a back condition.

3. In an unappealed January 2004 decision, the RO denied the Veteran's claim of service connection for CTS, right wrist; the Veteran did not appeal this determination, and new and material evidence was not received within a year of its issuance.

4. The evidence received since the January 2004 rating decision directly relates to an unestablished fact necessary to substantiate the claim for service connection for CTS of the right wrist.

5. In a December 2005 decision, the RO denied the Veteran's claim of service connection for prostate cancer; the Veteran did not perfect the appeal for this determination, but new and material evidence was received within a year of its issuance.

6. The Veteran currently does not have a tinnitus disability.

7. The Veteran's claim for an increased disability rating for a right thumb disability was received by VA on February 4, 2013.

8. It is not factually ascertainable prior to February 4, 2013, that entitlement to a 20 percent disability level had arisen for the Veteran's right thumb disability.


CONCLUSIONS OF LAW

1. The October 1972 and January 2004 rating decisions are final. 38 U.S.C. § 7105(c) (2012); 38 C.F.R. §§ 3.104, 3.156(a)-(b), 20.302, 20.1103 (2017).

2. New and material evidence has been received to reopen the previously denied claims of entitlement to service connection for a back disability and CTS of the right hand. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156 (2017).

3. Tinnitus was not incurred in active service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2017).

4. The criteria for an effective date earlier than February 4, 2013, for the award of a 20 percent rating for a right thumb disability have not been met. 38 U.S.C. §§ 1155, 5107, 5110(b) (2012); 38 C.F.R. §§ 3.400(o), Diagnostic Code 5224 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. New and Material Evidence 

In general, rating decisions that are not timely appealed are final. See 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. An exception to this rule is 38 U.S.C. § 5108, which provides that, if new and material evidence is presented or secured with respect to a claim which has been disallowed, VA shall reopen the claim and review the former disposition of the claim.

New evidence is defined as existing evidence not previously submitted to agency decisionmakers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

In determining whether evidence is new and material, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held, however, that evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented. Anglin v. West, 203 F.3d 1343, 1347 (2000). In deciding whether new and material evidence has been received, the Board looks to the evidence submitted since the last final denial of the claim on any basis. Evans v. Brown, 9 Vet. App. 273, 285 (1996). The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." Shade v. Shinseki, 24 Vet. App. 110, 117 (2010).

In this case, the RO denied service connection for prostate cancer in December 2005 on the basis that there was no in-service incurrence. In February 2006, the Veteran submitted a statement describing his exposure to herbicides on a naval ship. As new and material evidence had been submitted within a year of the December 2005 decision, that decision as to the issue of prostate cancer is not final. See Bond, 659 F.3d 1362, 1367-68; 38 C.F.R. § 3.156(b). As such, the original July 2005 claim for prostate cancer remains pending. This issue must be considered on a de novo basis, and it does not require the Board to reopen the issue before analyzing the merits of that claim. In any event, this issue is addressed in the REMAND below.

The RO denied service connection for a back condition in an October 1972 rating decision, finding that there was no evidence of a current disability. The evidence considered at the time included service treatment records. The Veteran did not appeal the decision, and new and material evidence was not received within one year of the decision. Thus, the October 1972 decision became final. See 38 U.S.C. § 7105(d)(3); Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011); 38 C.F.R. §§ 3.104, 3.156(a)-(b), 20.302, 20.1103. Pertinent evidence received since the October 1972 denial of the claim includes a diagnosis of a back disability (i.e., 2008 diagnosis of lumbar radiculopathy). This evidence relates to the basis for the prior denial, as a current disability was an element previously unestablished. The additional evidence received since the October 1972 previous denial is thus new and material. The criteria for reopening the claim for service connection for a back disability are met.

In January 2004, the RO denied service connection for CTS of the right wrist on the basis that no nexus was established. Service treatment records and post-service medical records were considered. The Veteran did not appeal the decision, and new and material evidence was not received within one year of the decision. Thus, the January 2004 decision became final. See 38 U.S.C. § 7105(d)(3); Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011); 38 C.F.R. §§ 3.104, 3.156(a)-(b), 20.302, 20.1103. Pertinent evidence received since the January 2004 denial of the claim includes lay statements addressing nexus. This evidence, presuming credibility, relates to the basis for the prior denial. The additional evidence received since the January 2004 previous denial is thus new and material. The criteria for reopening the claim for service connection for CTS for the right wrist are met.

In Bernard v. Brown, 4 Vet. App. 384, 392 (1993), the United States Court of Appeals for Veterans Claims (Court) held that claims to reopen previously and finally denied claims, implicated both the question of whether there is new and material evidence to reopen the claim and the question of whether, upon such reopening, the claimant is entitled to the requested benefits. Therefore, the "matter" over which the Board has jurisdiction under 38 U.S.C. § 7104(a) is the Veteran's claim of entitlement to VA benefits. The Board finds no prejudice to the Veteran in adjudicating the claims for entitlement to service connection for a back disability and CTS of the right hand.




II. Service Connection 

A. Relevant Law

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). 

The Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Kahana v. Shinseki, 24 Vet. App. 428, 433 (2011). This includes weighing the credibility and probative value of lay evidence against the remaining evidence of record. See King v. Shinseki, 700 F.3d 1339 (Fed. Cir. 2012); Kahana, 24 Vet. App. at 433-34. 

A Veteran bears the evidentiary burden to establish all elements of a service connection claim, including the nexus requirement. Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009). In making its ultimate determination, the Board must give a veteran the benefit of the doubt on any issue material to the claim when there is an approximate balance of positive and negative evidence. Id. at 1287 (quoting 38 U.S.C. § 5107 (b)).

B. Discussion - Tinnitus 

The Veteran, in his December 2009 statement to VA, filed a claim for tinnitus claiming that he experienced chronic ringing noises in his ears since service. However, upon VA examination in February 2012 (specifically to determine the current nature of his hearing loss and tinnitus), the Veteran did not report recurrent tinnitus and the examination did not need to continue for this issue as the Veteran denied having the condition. Accordingly, the Board finds that the preponderance of the evidence shows that the Veteran does not have a current diagnosis of tinnitus. While a lay person is competent to report tinnitus, with the denials of such by the Veteran (both at the VA examination and the absence of evidence in the service treatment records), it cannot be said that there is credible lay evidence of the presence of tinnitus. 

As there is no evidence of a current disability, there is no basis on which the claim for service connection may be granted. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). It is therefore unnecessary to address any other element of service connection. Accordingly, the claim for service connection for tinnitus is denied.

III. Earlier Effective Date

The Veteran claims that the 20 percent rating assigned for his thumb disability should be awarded earlier than February 4, 2013, which is the date of the increased rating claim. At the outset, the Board finds that, on review, there is not an increased rating claim for the right thumb prior to February 4, 2013. 

Under VA regulations, the effective date for an increased rating for disability compensation will be the earliest date as of which it is factually ascertainable that an increase in disability occurred if a claim is received within one year from such date; otherwise, the effective date is the date of receipt of the claim. If the increase occurred after the date of claim, the effective date is the date of increase. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400(o)(2); Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010).

Since the Veteran's service-connected thumb disability was increased effective the date of his claim on February 4, 2013, the earliest effective date the Veteran would be entitled to is within one year prior to the date of his claim if there is a factually ascertainable increase in the disability during that time. Thus, the issue is whether there is an ascertainable increase in the severity of the Veteran's disability to warrant a 20 percent rating within one year prior to February 4, 2013.

The Veteran's right thumb is rated under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5224. He currently receives a 20 percent evaluation, which is the highest possible award under this DC.

DC 5224 provides disability ratings based on ankylosis of the thumb. 38 C.F.R. § 4.71a, DC 5224 (2017). Favorable ankylosis of the major or minor thumb is assigned a 10 percent disability rating and a 20 percent disability rating, the highest available schedular rating, is assigned for unfavorable ankylosis of the major or minor thumb. Additional instruction on evaluating ankylosis of the thumb is provided at 38 C.F.R. § 4.71a (2017). 

Disability evaluations are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities (rating schedule), which is based upon the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. Part 4. The percentage ratings represent, as far as can practicably be determined, the average impairment in earning capacity resulting from diseases and injuries and their residual conditions in civil occupations. 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

On review, the evidence first demonstrates ankylosis of the right thumb upon examination in March 2014. See March 2014 DBQ. The examiner wrote that function of the right thumb had been depressed since the thumb dislocation in service. The rest of the evidence of record does not document a disability that more nearly approximates unfavorable ankylosis until the March 2014 examination, which is when it is factually ascertainable that the increase occurred. Thus, there was no factually ascertainable increase prior to the February 4, 2013 date of claim. He is already assigned an effective date that is earlier than the date of the examination, which is when the increase in severity is factually ascertainable. See 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400(o)(2). As such, the Veteran cannot be awarded an effective date earlier than his date of claim. 

ORDER

The application to reopen the claim of service connection for a back condition is granted to this extent only.

The application to reopen the claim of service connection for CTS of the right wrist is granted to this extent only.

The application to reopen the claim of service connection for residuals of prostate cancer is granted to this extent only. 

Service connection for tinnitus is denied.

An effective date earlier than February 4, 2013, for the 20 percent evaluation assigned for residuals, right thumb dislocation is denied.


REMAND

The Board finds that a remand is necessary for the issues involving service connection for a back disability and right hand CTS, along with the issue of an increased rating for the right thumb disability. 

Regarding the right hand CTS, the Board notes that there is an inadequate March 2015 VA medical opinion of record addressing secondary service connection without addressing aggravation. Furthermore, direct service connection was not addressed in the opinion. As such, a new opinion fully addressing these two theories of entitlement will be ordered.

A remand is also necessary to ascertain the current level of severity of the Veteran's right thumb disability. The Veteran last underwent a VA examination to evaluate the severity of his thumb disability in March 2014. On his notice of disagreement in May 2014, he stated that he had ankylosis of his thumb, index finger, and middle finger, suggesting an overall worsening of the function of his hand. Given the possible suggested worsening of his disability, the Board finds it reasonable that he should be afforded a new examination. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); see also VAOPGCPREC 11-95 (1995), 60 Fed. Reg. 43186 (1995). 

Regarding the back, as the record now demonstrates a current disability, an examination is warranted to assess the current nature and manifestations of the present back disability, along with a medical opinion addressing etiology. 

Lastly, the Board notes that the claim for service connection for prostate cancer has been underdeveloped in that procedures for verifying/corroborating the Veteran's alleged exposure to Agent Orange have not been undertaken by the RO.

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate VA examiner to address the question of etiology for CTS of the right hand. The electronic record should be made available to the examiner. After review of the evidence, the examiner should provide the following opinions:

(a) Is it at least as likely as not (i.e., to a 50 percent or greater degree of probability) that the current CTS of the right hand is due to any event in active service?

*Note: There is an established in-service injury involving his right hand/fingers (see January 1970, February 1970, and May 1971 Service Treatment Records). 

(b) Is it at least as likely as not (i.e., to a 50 percent or greater degree of probability) that the service-connected thumb disability (or any other service-connected disability) caused the Veteran's CTS of the right hand? 

(c) Is it at least as likely as not (i.e., to a 50 percent or greater degree of probability) that the service-connected thumb disability (or any other service-connected disability) AGGRAVATED (i.e., permanently worsened in severity beyond the normal progression) the Veteran's CTS of the right hand? 

If aggravation is found, the examiner should attempt to quantify the degree of any additional disability resulting from the aggravation. 

In answering the above questions, the examiner should articulate the reasoning underpinning his or her conclusions. That is, identify what facts and information support the opinion(s) provided, and explain how those facts and information justify the opinion(s).

2. Arrange for a VA examination to determine the nature, severity, and extent of the current pathology associated with the right thumb disability. The electronic record should be made available to the examiner. If any examiner is unable to conduct such testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

The examiner should describe the functional limitations resulting from the service connected right thumb disability, to include during flare-ups of the hand. If flare-ups are not shown during either examination, the examiner should conduct efforts to obtain adequate information regarding the impairment resulting from flare-ups (consistent with the VA's Clinician's Guide) by alternative means, to include statements as to any such impairment by the Veteran himself. Sharp v. Shulkin, 29 Vet. App. 26 (2017).

3. Arrange for a VA examination for the Veteran's back disability. The examiner is to review the claims file, take a full and complete history of the Veteran's service and medical history, and must consider the Veteran's reports of his symptomatology. 

After examination of the Veteran for the various claimed disabilities, provide the following opinion:

Is it at least as likely as not (i.e., to a 50 percent or greater degree of probability) that the current low back disability is related to service?

*The examiner should take note of the June 1971 service treatment record showing that the Veteran felt pain from having fallen unconscious and being kicked in the back. 

In answering the above questions, the examiner should articulate the reasoning underpinning his or her conclusions. That is, identify what facts and information support the opinion(s) provided, and explain how those facts and information justify the opinion(s).

4. Obtain relevant VA treatment records from the Hines and Westside VA Medical Centers from the 1970s. See June 2015 Correspondence from Veteran indicating he had treatment following August 1971 at these locations. Document efforts to obtain records in the case file.

5. Verify the Veteran's statements regarding his exposure to Agent Orange in accordance with VA's Adjudication Procedure Manual and proper authorities (e.g., Joint Service Records Research Center (JSRRC)), to include issuing a formal finding as to such exposure. The Veteran claims that he was exposed to Agent Orange while onboard the USS Suribachi (AE21); he claimed to have handled ammunition supply on ships deployed to Vietnam which exposed him to herbicides. Consider his statements of record when fulfilling this request. 

6. Readjudicate the Veteran's claims. If the benefits sought on appeal are not granted, the Veteran should be provided a supplemental statement of the case and an appropriate time period for response. The case should then be returned to the Board for further consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
S.B. MAYS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs